UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                                    :
UNITED STATES OF AMERICA,              :         CASE NO. 1:04-CR-211
                                                                    :
       Plaintiff,                                    :
                                                                    :
vs.                                                           :         OPINION & ORDER
                                                                    :         [Resolving Doc. No. 150]
EMMANUEL ONUNWOR,                         :
                                                                    :
       Defendant.                                  :
                                                                    :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On September 2, 2005, the Court sentenced Defendant Emmanuel Onunwor ("Onunwor") to an imprisonment term of 108 months on Counts 1, 4-16, and 23 of the Second Superseding Indictment; 60 months on Counts 2 and 3; and 36 months on Counts 18-22, with all counts to run concurrently and followed by two years of supervised release. [Doc. 145.] The Court also ordered restitution in the amount of $5,111,748.00. *Id.* On May 31, 2007, Defendant filed the present motion asking the Court to waive or modify the restitution order by reducing it from $5,111,748 to $70,000. [Docs. 150, 152.] Defendant argues that the $5,111,748 restitution order was a clerical error, or, in the alternative, that the restitution amount was ordered in violation of his due process rights. *Id.* The Government opposes the Defendant's motion, asserting that the Court lacks jurisdiction to alter the existing sentence. [Doc. 151.] The Court agrees with the Government and therefore **DENIES** the Defendant's motion to waive or reduce the restitution order.

Pursuant to 18 U.S.C. § 3582(c), a district court may modify a sentence only under certain limited circumstances. Specifically, § 3582(c) establishes that the "court may not modify a term of imprisonment once it has been imposed" except in the following relevant circumstances:

    (1) in any case--

Case No. 1:04-CR-211
Gwin, J.

> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment, . . . after considering the factors set forth in Section 3553(a) to the extent that they are applicable, if it finds that -
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> > (ii) the defendant is at least 70 years of age . . ; and
> 
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure . . .

18 U.S.C. § 3582(c). Here, none of the circumstances exist that would allow the Court to modify the Defendant's sentence. Defendant has not claimed that the Sentencing Commission has lowered the sentencing range, the Director of the Bureau of Prisons has not moved for the Court to reduce Defendant's sentence, and Rule 35 of the Federal Rules of Criminal Procedure does not apply.

Rule 35 only allows the Court to alter a sentence (1) where the change addresses a clear error and is made within seven days after the sentencing; or (2) upon a motion by the government to reduce a Defendant's sentence for substantial assistance in investigating or prosecuting another person. FED. R. CRIM. P. 35. Here, Rule 35(a) does not provide a basis for the Court to amend the Defendant's sentence because the Defendant filed the instant motion well after Rule 35(a)'s seven day time requirement. Similarly, the Defendant may not rely on Rule 35(b), which requires the government to request a modification for substantial assistance.

Defendant argues that this Court has jurisdiction to vacate its order of restitution because the order was a clerical error under Rule 60(a) of the Federal Rules of Civil Procedure. [Doc. 152.] The appropriate rule in this criminal proceeding, however, is Rule 36 of the Federal Rules of Criminal Procedure. FED. R. CRIM. P. 36. Rule 36 provides that, after giving notice, "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." *Id.*

Case No. 1:04-CR-211
Gwin, J.

In this case, the Court clearly intended the restitution amount to be $5,111,748. [Doc. 145.] Defendant committed numerous federal crimes that deprived the City of East Cleveland of millions of dollars. The Government's sentencing memorandum contains a calculation of the losses suffered, which total over five million dollars. [Doc. 115.] Under Rule 36, the Court can only modify a sentence based on clerical error, not on substantive grounds. The amount of restitution ordered here was not a clerical error, and the Court thus lacks jurisdiction to grant Defendant's motion.

Defendant Onunwor also asserts that the Court's restitution order violates his due process rights. [Doc. 150.] The Court notes first that Defendant waived his "right to appeal his case and to collaterally attack his conviction and sentence" in his plea agreement. [Doc. 123.] Furthermore, even if this Court were to construe Defendant's motion as a 28 U.S.C. § 2255 petition challenging the constitutionality of the restitution order, Defendant's petition would fail. The Sixth Circuit has held that a prisoner's challenge to a monetary fine is not cognizable in a motion to vacate under § 2255. *United States v. Watroba,* 56 F.3d 28, 29 (6th Cir. 1995). Defendant, thus, gave up his right to challenge the Court's sentencing decision and the Court lacks jurisdiction to modify restitution.

For the above reasons, this Court **DENIES** Defendant Onunwor's motion to waive or reduce the Court's order of restitution in his case.

IT IS SO ORDERED.

Dated: November 7, 2007            s/     *James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE